ORIGINAL

# In the United States Court of Federal Claims

No. 18-1724C

(Filed: December 19, 2018)

**(NOT TO BE PUBLISHED)**

```
*********************************  )
WAYNE HALL,                        )
                                   )
                   Plaintiff,      )
                                   )
        v.                         )
                                   )
UNITED STATES,                     )
                                   )
                   Defendant.      )
                                   )
*********************************
```

Wayne Hall, *pro se*, Raleigh, NC.

Melissa L. Baker, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the brief were Joseph H. Hunt, Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and L. Misha Preheim, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Senior Judge.

Pending before the court is a motion to dismiss filed by the United States ("the government") pursuant to Rule 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"). *See* Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 6. Because this court lacks subject-matter jurisdiction over the complaint and Mr. Hall has failed to state a claim for which relief can be granted, the government's motion to dismiss the complaint is GRANTED.

## BACKGROUND

The overall gist of Mr. Hall's complaint is that the "[S]tate of North Carolina failed to protect [him] from being defrauded and extorted by not acknowledging [his] right to life, liberty, and the pursuit of happiness." Compl. at 2. This "failure" by North Carolina appears to arise from an "illegal[] foreclose[ure]" action instituted by MetLife and J.P. Morgan Chase Bank. Compl. at 2. The complaint alleges that the two private companies "conspired to defraud [him] of [his] land . . . and [did] not disclos[e] the contract to [him] which [he] signed." Compl. at 2.

Mr. Hall claims that he was forced "through threat, duress, and coercion to turn over [his] land to someone who claims to own [his] land with no factual evidence besides a deed." Compl. at 2. Because of this, he seeks his "land back as well as the maxim[um] penalties allowed by law." Compl. at 2.

In prior litigation in this court, Mr. Hall alleged a variety of constitutional challenges against the United States for acts such as "kidnapping," "mailing threatening communications from a foreign country," "government seals wrongfully used," and "threats and extortion against foreign officials," among others. *See Hall v. United States*, No. 18-630C, 2018 WL 4844242, at *1 (Fed. Cl. Oct. 5, 2018). That complaint was dismissed for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), on the grounds that "[n]one of his allegations establish the 'separate source' within a contract, regulation, statute, or constitutional provision that reasonably authorizes payment of money to a plaintiff for their violation." *Id.* at *1-2.

## STANDARDS FOR DECISION

### *Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction*

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To invoke this court's Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). If a plaintiff fails to raise a claim under a money-mandating provision, this court "should [dismiss] for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

A claim in this court is "barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. This six-year statute of limitations is jurisdictional. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 136 (2008).

Mr. Hall, as plaintiff, must establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)). When ruling on a motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3) ("If the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

*Rule 12(b)(6) – Failure to State a Claim for which Relief can be Granted*

Under Rule 12(b)(6), a complaint that "fail[s] to state a claim upon which relief can be granted" must be dismissed. RCFC 12(b)(6). To survive a motion invoking Rule 12(b)(6), a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is bound "to take the well-pleaded factual allegations in the complaint as true." *Papasan v. Allain*, 478 U.S. 265, 283 (1986); *see also Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009). "However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (internal citations omitted).

## ANALYSIS

The government asks the court to dismiss the complaint because Mr. Hall "alleges wrongdoing by the state of North Carolina only, and not the United States." Def.'s Mot. at 1. The government further contends that the "unquantified damages Mr. Hall alleges are the result of a property dispute between him and a private entity or individual [and] are not based upon an express or implied-in-fact contract with the United States, or a money-mandating provisions of law." *Id.* at 1-2.

### Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction

As a preliminary matter, Mr. Hall fails to provide "a short and plain statement of the grounds for the court's jurisdiction," RCFC 8(a), based on the Tucker Act or otherwise, *see* Compl. at 1; *see also Ruther v. United States*, No. 18-1110C, 2018 WL 5095451, at *3 (Fed. Cl. Oct. 17, 2018). Instead, Mr. Hall lists a litany of federal provisions, most of which deal with fraud and other financial crimes that are inapposite in this court. Compl. at 1.[1] Mr. Hall does cite the Tucker Act (28 U.S.C. § 1491), but does not provide any factual basis for why the Tucker Act grants the court jurisdiction to hear his claims.

Additionally, this court may only hear claims against the United States. Mr. Hall solely alleges claims against North Carolina, for its "failure to protect [him] from being defrauded and extorted." Compl. at 2. It appears that the suit against North Carolina is related to an underlying dispute involving a foreclosure action instituted by MetLife and J.P. Morgan Chase Bank. *See* Compl. at 2. But regardless, neither North Carolina nor the private parties are within the court's jurisdiction. *See* 28 U.S.C. § 1491; *see also, e.g., Trevino v. United States*, 113 Fed. Cl. 204, 208

---

[1]For example, Mr. Hall lists 18 U.S.C. § 1341, which concerns "frauds and swindles."

(2013) ("This court does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees; jurisdiction only extends to suits against the United States.") (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)).[2] And, although Mr. Hall is proceeding *pro se*, he still has the burden of establishing jurisdiction. *See Kelly v. Secretary, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Therefore, the court determines that Mr. Hall has failed to carry his burden in establishing this court's jurisdiction over his claim by a preponderance of the evidence. He fails to provide a "short, plain statement of the grounds for the court's jurisdiction," does not allege a claim based on a money-mandating provision, and seeks relief against parties over which this court has no power.

### Rule 12(b)(6) – Failure to State a Claim for which Relief Can Be Granted

The court also finds that Mr. Hall fails to state a claim for which relief could be granted. As with jurisdiction, Mr. Hall does not plead any facts that substantiate his claim beyond conclusory statements. *See* Compl. at 2. And, where a plaintiff "has alleged—but . . . has not show[n]—that [he] is entitled to relief," relief cannot be granted. *Ashcroft*, 556 U.S. at 678 (internal citations omitted). Mr. Hall's complaint makes vague, conclusory statements about a private dispute between him and the provider of his mortgage. Compl. at 2. Thus, even *if* this court possessed jurisdiction over Mr. Hall's claim, his complaint would still be dismissed under Rule 12(b)(6) for failure to state a claim for which relief can be granted.

### CONCLUSION

For the reasons stated, the government's motion to dismiss Mr. Hall's complaint is GRANTED pursuant to RCFC 12(b)(1) and 12(b)(6). Mr. Hall's complaint shall be DISMISSED. The clerk shall enter judgment accordingly.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Senior Judge

---

[2]States also enjoy sovereign immunity, and under the Eleventh Amendment cannot be subjected to private suits in federal courts, absent consent or abrogation by Congress in limited circumstances. *See* U.S. Const. amend XI; *see also Alden v. Maine*, 527 U.S. 706, 712-13, 728 (1999); *Hans v. Louisiana*, 134 U.S. 1, 10, 13, 17 (1890).